UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-8532 PSG (AJWx) | Date | March 1, 2017 |
|---|---|---|---|
| Title | Elijah Stiny v. Northrop Grumman Systems Corporation *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order GRANTING Plaintiff's Motion to Remand

Before the Court is Plaintiff Elijah Stiny's motion to remand this action to state court. *See* Dkt. # 11. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court GRANTS Plaintiff's motion to remand.

I.   Background

Plaintiff Elijah Stiny, a California citizen, worked as an engineer at Northrop Grumman Systems Corporation ("NGSC") from June 11, 2007 to June 18, 2014. *See Complaint* ("*Compl.*"), Dkt. # 1-1, 2:13–20. In this suit against his former employer, Plaintiff alleges that he was wrongfully terminated because, among other things, he expressed disagreement with a company policy regarding diversity hiring and promotions. *See generally id.*

Plaintiff filed this case in Los Angeles County Superior Court on September 1, 2016. *See generally id.* He pled only one state-law cause of action: wrongful termination. *See generally id.* The original Complaint named only one party as a Defendant: NGSC. *See generally id.* NGSC is incorporated and has its principal place of business in Virginia; thus, NGSC is a citizen of Virginia for diversity purposes. *See Defendant's Notice of Removal*, Dkt. # 1, 4:8–24.

NGSC removed this case to federal court on November 16, 2016, on grounds of diversity jurisdiction. *See generally id.* Two days before removal, on November 14, 2016, Plaintiff named as Defendants three California citizens: Dale Krasnow, Marilyn Aja, and Jerome Edwards (collectively, "Non-Diverse Defendants"). *See Plaintiff's Motion to Remand* ("*Mot.*"), Dkt. # 11, 1:11–2:7. Plaintiff failed to notify NGSC about the amendment until after NGSC removed the case, and there is no evidence that Plaintiff served the Non-Diverse Defendants. *See Opp.* 4:4–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8532 PSG (AJWx) | Date | March 1, 2017 |
|---|---|---|---|
| Title | Elijah Stiny v. Northrop Grumman Systems Corporation *et al.* | | |

Plaintiff now moves to remand the action to state court because the Court lacks subject matter jurisdiction. *See generally Mot.* NGSC opposes the motion. *See generally Opp.*

II.   Legal Standard

Federal courts are courts of limited jurisdiction. *See Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a strong presumption against removal jurisdiction, so the party seeking removal always has the burden of establishing that removal is proper. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

III.   Discussion

NGSC argues Plaintiff's motion to remand should be denied because: (1) the Court should ignore the Non-Diverse Defendants' citizenship because they were not served when the case was removed; (2) the Non-Diverse Defendants were fraudulently joined; and (3) Plaintiff's joinder is procedurally defective. *See generally Opp.*

   A.   Service Is Not Required to Consider the Non-Diverse Defendants' Citizenship for Diversity Purposes

Under 28 U.S.C. § 1332, for the Court to properly have subject matter jurisdiction based on the diversity of the parties, each defendant must be a citizen of a different state from each plaintiff and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. A person's domicile, meaning a person's permanent home where he or she resides with the intention to remain or to which he or she intends to return, determines their state citizenship for purposes of diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff contends that diversity jurisdiction is lacking because the parties are not completely diverse after Plaintiff joined the Non-Diverse Defendants. *See Mot.* 2:6–16. NGSC, in turn, argues that because the Non-Diverse Defendants were not served at the time of removal, their citizenship should not be considered in determining complete diversity. *See Opp.* 2:22–5:4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8532 PSG (AJWx) | Date | March 1, 2017 |
|---|---|---|---|
| Title | Elijah Stiny v. Northrop Grumman Systems Corporation *et al.* | | |

A defendant who is a citizen of a plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal. *See, e.g.*, *Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Jennings-Frye v. NYK Logistics Americas Inc*, No. 2:10-CV-09737-JHN-EX, 2011 WL 642653, at *4 (C.D. Cal. Feb. 11, 2011) (explaining that *Cucci v. Edwards*, 510 F.Supp.2d 479 (C.D. Cal. 2007) should be interpreted as a case regarding the right to remove when local defendants are not served at the time of removal). Plaintiff's failure to serve the Non-Diverse Defendants does not bar the Court from considering their citizenship for diversity purposes.

Here, the Non-Diverse Defendants' citizenship destroys complete diversity because Plaintiff and the Non-Diverse Defendants are California citizens. Therefore, 28 U.S.C. § 1332's requirement is not met and the Court has no subject matter jurisdiction.

> B. <u>The Non-Diverse Defendants Are Not Fraudulently Joined Because There Is Still a Possibility Plaintiff May State a Cause of Action Against Them</u>

NGSC alternatively argues that the Non-Diverse Defendants' citizenship should be ignored because they are sham defendants–individuals fraudulently joined because plaintiff cannot establish a cause of action against them. *See Opp.* 7:5–9:2.

A defendant's burden to establish fraudulent joinder is a "heavy" one. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). A defendant is fraudulently joined only "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *See Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). A defendant must show that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant." *See Burris v. AT&T Wireless, Inc.*, No. C 06–02904 JSW, 2006 WL 2038040, at *1 (N.D. Cal. July 19, 2006) (citing *Nickelberry v. DaimlerChrysler Corp.*, No. C 06–1002 MMC, 2006 WL 997391, at *1–2 (N.D. Cal. Apr. 17, 2006)). Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* at *2. Moreover, a defendant must prove fraudulent joinder "by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleadings must be resolved in favor of remand."

Case 2:16-cv-08532-PSG-AJW   Document 16   Filed 03/01/17   Page 4 of 5   Page ID #:166

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8532 PSG (AJWx) | Date | March 1, 2017 |
|---|---|---|---|
| Title | Elijah Stiny v. Northrop Grumman Systems Corporation *et al.* | | |

*Archuleta v. Am. Airlines, Inc.*, No. CV 00-1286 MMM (SHX), 2000 WL 656808, at *1 (C.D. Cal. May 12, 2000).

Here, NGSC fails to make the necessary showing. There is a possibility Plaintiff may assert a cause of action against the Non-Diverse Defendants if Plaintiff is afforded leave to amend his Complaint. Plaintiff's Complaint only mentions one theory of liability, wrongful termination, which cannot be asserted against the Non-Diverse Defendants. However, Plaintiff states in his motion to remand that, "[t]he Complaint further contains allegations of fraud, duress using physical threats, discrimination/retaliation based upon gender, race, and culture, and further claims of retaliation/termination based upon whistleblowing." *See Mot*. 1:5–7. Plaintiff also clarifies that these theories of liability are against the Non-Diverse Defendants. *See Mot*. 1:16–21. Even if Plaintiff did not plead specific theories of liability against the Non-Diverse Defendants, NGSC has not established that Plaintiff could not amend his pleadings to include the theories of liability mentioned in Plaintiff's motion and ultimately recover against the Non-Diverse Defendants. *See Nickelberry*, 2006 WL 997391, at *1–2 ("Assuming, *arguendo*, a plaintiff cannot proceed against a defendant under a theory of … liability unless such theory is specifically pleaded in the complaint, [defendant] has failed to show that, under California law, [plaintiff] would not be afforded leave to amend her complaint to address the purported pleading deficiency on which [defendant] relies.").

Based on the foregoing, NGSC has not shown by clear and convincing evidence that there is no possibility that Plaintiff can state a claim against the Non-Diverse Defendants. Accordingly, NGSC has failed to satisfy its heavy burden to establish fraudulent joinder.

C.  <u>State Court Is the Proper Venue to Address Procedural Concerns</u>

NGSC's remaining arguments allege that Plaintiff violated state pleading rules when he purported to add the Non-Diverse Defendants to this litigation. *See Opp.* 1:11–12; 2:12–16; 4:9–16; 5:5–7:4. Now that this case is in federal court, however, the Federal Rules of Civil Procedure counsel in favor of a liberal leave to amend policy. *See* Fed. R. Civ. P. 15. Federal Rule of Civil Procedure 15 advises the Court that "'leave shall be freely given when justice so requires.' This policy is to be applied with *extreme* liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 216 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Rule 15's liberal policy is augmented in the case of a pro se litigant, where the law requires the Court to act with "great leniency" toward a pro se litigant when evaluating his compliance with the technical rules of civil procedure. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Because NGSC has not shown that Plaintiff would not be permitted to amend the Complaint in federal court to add the Non-Diverse Defendants, NGSC's argument is largely an exercise in futility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-8532 PSG (AJWx) | Date | March 1, 2017 |
|---|---|---|---|
| Title | Elijah Stiny v. Northrop Grumman Systems Corporation *et al.* | | |

If Plaintiff did, in fact, violate local state rules in adding the Non-Diverse Defendants, the proper forum to resolve such issues is the state court whence the case was removed. *See Calisher & Assocs., Inc. v. RGCMC, LLC*, No. CV08-06523-MMM (EX), 2008 WL 4949041, at *6 (C.D. Cal. Nov. 17, 2008) (declining to address procedural defect arguments after concluding case facts required remand to state court). If Plaintiff violated state procedural rules or if joinder was not proper under state law, Defendant is not without recourse so long as NGSC successfully convinces the state court to dismiss the Non-Diverse Defendants within one year after the filing of the case or even longer in certain circumstances. *See* 28 U.S.C. § 1446(c)(1). The Federal Rules of Civil Procedure permit a Defendant to remove on the basis of jurisdiction conferred by section 1332 for up to one year after commencement of the action and even longer, potentially, if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See id.* In any event, the proper forum for such arguments is not federal court.

IV.  Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. Accordingly, this case is remanded to the state court from whence it was removed.

**IT IS SO ORDERED.**